IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-01737-LTB

JOSEPH WILLIAMS,

    Plaintiff,

v.

PATTY BEECROFT, M.D.,

    Defendant.
_____

**ORDER**
_____

This case is before me on Defendant's Motion to Dismiss Plaintiff's First and Second Claims for Relief [**Docket # 6**], Plaintiff's Response [**Docket # 11**], and Defendant's Reply [**Docket # 14**]; and Defendant's Motion to Stay All Proceedings Pending Colorado Governmental Immunity Act Sovereign Immunity [**Docket # 16**], Plaintiff's Response [**Docket # 22**], and Defendant's Reply [**Docket # 23**]. Oral argument would not materially assist the determination of these motions. After consideration of the motions, the papers, and the case file, and for the reasons stated below, I GRANT Defendant's Motion to Dismiss Plaintiff's First and Second Claims for Relief [**Docket # 6**] and DENY Defendant's Motion to Stay All Proceedings Pending Colorado Governmental Immunity Act Sovereign Immunity [**Docket # 16**].

### I. BACKGROUND

The alleged facts are as follows. At all times relevant to this case, Plaintiff was a state prisoner in custody of the Colorado Department of Corrections. Plaintiff was diagnosed with

1

diabetes in 1984 and suffered from peripheral neuropathy in his feet as a result. Plaintiff had ongoing and persistent health problems related to his diabetic neuropathy and was seen by a podiatrist at Limon Correctional Facility numerous times during his incarceration there. Plaintiff was moved to Arkansas Valley Correctional Facility ("AVCF") in 2005.

Plaintiff was first seen by Defendant after transferring to AVCF. The complaint alleges numerous examples of medical neglect on behalf of Defendant. On July 21, 2005, Defendant—despite being warned by Plaintiff that he had medical conditions requiring the attention of a podiatrist—insisted on removing Plaintiff's toenails without informing him verbally or in writing of the potential risks such surgery would entail. Defendant prescribed no antibiotics and did not disinfect or cleanse the wounds.

Although Plaintiff was in considerable pain and his toes were becoming greenish and infected, Defendant refused to provide follow up care other than—as noted in Plaintiff's medical records—giving him "a few gauzes so he wouldn't bleed around his cell." Plaintiff's infection worsened such that prisoners and guards complained about the smell, the skin fell off his right toe, the bone began to protrude, he began vomiting, and he was running a fever of 103.1 degrees Fahrenheit. As late as August 15, 2005, Defendant continued to refuse to treat Plaintiff.

On August 16, 2005—after being brought to Defendant by a prison guard—Plaintiff was sent by ambulance to St. Mary Corwin Medical Center. Due to the extent of Plaintiff's gangrenous infection, his right leg was removed below the knee on August 29, 2005. Plaintiff had ongoing complications from the infection and subsequent amputation continuing through March 16, 2006. Plaintiff still experiences pain in his stump and is wheelchair bound and unable to wear a prosthesis.

Plaintiff filed this complaint in El Paso County District Court on July 20, 2007. Plaintiff alleges four causes of action: (1) negligence; (2) willful and wanton conduct; (3) cruel and unusual punishment under the Eighth Amendment; and (4) violation of his Fourteenth Amendment due process rights. Defendant removed to this Court on August 17, 2007.

Defendant filed the present motion to dismiss on September 7, 2007, asserting governmental immunity for the two state law claims under the Colorado Government Immunity Act ("CGIA"). COLO. REV. STAT. § 24-10-101 through 120. Specifically, Defendant argues Plaintiff failed to notify the government about his claim within the 180-day time limit required by the Act. *See* COLO. REV. STAT. § 24-10-109. Plaintiff argues he was so ill from the infection and complications related to the amputation that he was unable to discover his injuries until December 3, 2005—within the 180-day time period. The notice was sent on May 31, 2006.

## II. ANALYSIS

In interpreting the CGIA, I endeavor to give effect to the intent of the Colorado General Assembly. *City and County of Denver v. Crandall*, 161 P.3d 627, 632 (Colo. 2007). The CGIA requires a person claiming to have suffered an injury at the hands of a public entity to file a written notice within 180 days after he discovers—or should have discovered—the injury regardless of when the person knew of all the elements of the claim. *Id.*; *Trinity Broadcasting of Denver, Inc. v. Westminster*, 848 P.2d 916, 923 (Colo. 1993). The purpose of the timely notice provision is to recognize and insure that the governing body or its attorney be directly involved, advised, and notified of potential litigation. *Crandall*, 161 P.3d at 632. Absent strict compliance with the 180-day notice rule, I lack subject matter jurisdiction over the complaint seeking relief. *Id*.

The CGIA's notice requirement "places a burden on the injured party to determine the cause of the injury, to ascertain whether a governmental entity or public employee is the cause, and to notify the governmental entity within 180 days from the time the injury is discovered." *Trinity*, *supra*, 848 P.2d at 927. The CGIA does not permit an injured person to ignore evidence which would cause a reasonable person to know that he or she has been injured by the tortious conduct of a government employee. *Id*. at 926–27.

Under the CGIA, the continuing violation doctrine does not apply. *Crandall*, *supra*, 161 P.3d at 633. A personal injury plaintiff must demonstrate he filed a timely notice of his claim within 180 days from when the claimant discovered an injury arising from "an occurrence." *Id*. at 634–35. An "occurrence" is "an accident, event, or continuing condition that results in personal injury." *Id*. at 634 (citing BLACK'S LAW DICTIONARY 1107 (7th ed. 1999)). Thus, when a plaintiff alleges ongoing or additional symptoms arising from a single injury, the ongoing or additional symptoms are considered part of the original injury for CGIA purposes. *Id*. at 633. "The recurrence of symptoms due to an injury suffered and discovered from an occurrence outside the 180-day period does not excuse failure to timely file under the CGIA's notice requirement." *Id*. at 635.

The trial court makes an initial finding of fact whether notice has been timely filed. *Crandall*, *supra*, 161 P.3d at 632. The plaintiff carries the burden of proving jurisdictional facts adequate to support subject matter jurisdiction. *Id*. at 632. "Where the evidence relevant to the immunity defense is before the court, no hearing is required." *Padilla ex rel. Padilla v. Sch. Dst. No. 1*, 1 P.3d 256, 258 (Colo. Ct. App. 1999). A hearing is therefore unnecessary when—as here—the evidence presented is sufficient for the Court to reach a conclusion. *Id*. at 259.

4

Looking at the facts as presented, it is clear that Plaintiff's first alleged injury occurred when Defendant improperly removed Plaintiff's toenails on July 21, 2005—far beyond the 180-day notice period. The latest alleged injury occurred on August 15, 2005, when Defendant refused to treat Williams for a severe gangrenous infection. Fur the purposes of the CGIA notice provision, the removal of Defendant's leg on August 29, 2005, and the parade of complications arising out of that removal, were not "separate and discrete occurrences" attributable to Defendant's misconduct, but rather additional symptoms arising out of the earlier injuries. *See Crandall*, 161 P.3d at 633–34. As such, even if—as he alleges—Plaintiff was so ill following amputation that he was unable to notice his right leg could no longer be found below his knee, this would not extend the discovery of the predicate injury to a date within the 180-day limit.

### III. CONCLUSION

Accordingly, for the reasons set forth above, I GRANT Defendant's Motion to Dismiss Plaintiff's First and Second Claims for Relief [**Docket # 6**]. Defendant's Motion to Stay All Proceedings Pending Colorado Governmental Immunity Act Sovereign Immunity [**Docket # 16**] is DENIED as moot.

Dated: December __21__, 2007.

BY THE COURT:

___s/Lewis T. Babcock___
Lewis T. Babcock, Judge